REED v. STERN et al.

(Supreme Court, Appellate Division, First Department. December 31, 1900.)

PLEADING—ACCOUNT—BILL OF PARTICULARS.

    Where plaintiff alleged fraud in the rendition of accounts, and asked for a judicial accounting, an order of court compelling him to give a bill of particulars made him the accounting party instead of the defendants, and hence should not have been granted, since the defendants could put in a proper and sufficient answer to such a complaint without a bill of particulars.

Appeal from special term, New York county.

Action by Dave Reed, Jr., against Joseph W. Stern and Edward B. Marks to compel an accounting. From an order directing plaintiff to furnish and serve a bill of particulars, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

William F. S. Hart, for appellant.

David M. Neuberger, for respondents.

PER CURIAM. This is an appeal from an order requiring the plaintiff to serve a bill of particulars, and, in default thereof, limiting his proof upon the trial. There is no foundation laid in any of the papers before us upon which this order can properly be based. The plaintiff was a composer of songs, and he gave to the defendants the exclusive right to publish and sell those songs upon specified terms of compensation to him. He charges in his complaint that the defendants have rendered to him false accounts; that they have sold more copies of the songs than they have accounted for; and there are in the complaint general allegations of fraud in the defendants' suppressing the true state of their accounts with the plaintiff, and of fraudulent representations contained in the account rendered; the plaintiff, therefore, being entitled to a judicial accounting. There is

unnecessary circumlocution in the complaint, but the cause of action set forth therein is very clear, namely, the right of the plaintiff to an accounting from the defendants because of fraudulent suppressions in the accounts they have rendered, and the fraudulent representation (resulting from the rendition of untrue accounts) that they were in fact correct accounts. For some reason, not disclosed, the court below has compelled the plaintiff to give a bill of particulars, which is simply making him the accounting party instead of the defendants, and limits his proof to such errors as he may have discovered in the defendants' accounts. On the plaintiff's complaint, he is entitled to an accounting. On the hearing he may surcharge or falsify the account and file his objections in the ordinary way. The defendants know whether they have rendered just accounts or not, and it is unnecessary for them to have a bill of particulars in order to put in a proper and sufficient answer. Whether they shall account or not is to be determined by an interlocutory judgment.

The order must be reversed, with $10 costs and disbursements, and the motion for a bill of particulars denied, with $10 costs.